## Commonwealth v. Frantjis (No. 1)

*Samuel Dash*, assistant district attorney, for Commonwealth.

*Thomas A. Masterson*, for defendant.

LEVINTHAL, J., December 16, 1953. — John B. Capitolo has filed a petition alleging that he is the private prosecutor in the above-entitled case, having caused defendant to be arrested by private warrant

sworn to by petitioner; that because the district attorney of Philadelphia County has not opposed the motion of defendant to quash the indictment, but on the contrary has agreed that the indictment should be quashed, the private counsel employed by petitioner should be given leave to proceed "in lieu of the District Attorney with the prosecution of the criminal proceedings now pending in the above entitled matter, as well as those which shall be instituted hereafter, with all the rights and privileges thereto to the District Attorney belonging".

This petition is filed under the Act of March 12, 1866, P. L. 85, sec. 1, 16 PS §3432, which reads as follows:

"If any district attorney, within this commonwealth, shall neglect, or refuse, to prosecute, in due form of law, any criminal charge, regularly returned to him, or to the court of the proper county; or if, at any stage of the proceedings, the district attorney of the proper county, and the private counsel, employed by the prosecutor, should differ as to the manner of conducting the trial, it shall be lawful for the prosecutor to present his, or her, petition to the court of the proper county, setting forth the character of the complaint, and verify the same, by affidavit; whereupon, if the court shall be of the opinion that it is a proper case for a criminal proceeding, or prosecution, it shall be lawful for it to direct any private counsel, employed by such prosecutor, to conduct the entire proceeding, and where an indictment is necessary, to verify the same, by his own signature, as fully as the same could be done by the district attorney; and this act shall apply to all criminal proceedings heretofore commenced, and still pending, as well as to those which shall be instituted hereafter."

It should first be noted that, as a matter of fact, the district attorney did not "neglect or refuse to prose-

cute, in due form of law" the criminal charge against defendant, as returned to him, the district attorney, by the magistrate. The district attorney caused the matter to be presented to the grand jury for its consideration. After a true bill was found by the grand jury, counsel for defendant filed a motion to quash the indictment. The district attorney thereupon, in accordance with his official duty, examined the reasons submitted in support of defendant's motion and after study of the legal questions raised, came to the conclusion that the indictment should be quashed. We have carefully reviewed the arguments presented by counsel for defendant and by counsel employed by the private prosecutor, and have come to the conclusion that the district attorney of Philadelphia County could not conscientiously have opposed the motion to quash the indictment.

It must never be forgotten that "the primary duty of a lawyer engaged in public prosecution is not to convict, but to see that justice is done": Canons of Professional Ethics, adopted by the American Bar Association, Canon 5. The district attorney "is vested at common law with the responsibility of determining whether or not a criminal accusation should be pressed to trial, and is expected to be impartial in abstaining from prosecuting, as well as in prosecuting": 18 C. J. 1314, §42.

It is significant that under the Act of 1866 only "if the court shall be of the opinion that it is a proper case for a criminal proceeding or prosecution" shall it be lawful for the court to direct any private counsel to conduct a criminal proceeding as fully as the same could be done by the district attorney. In view of the fact that we have this day filed our opinion that defendant's motion to quash the indictment in this case must be sustained, we obviously cannot declare it to be our judgment that this is a proper case for a criminal prosecution by indictment, as urged by petitioner.

Private counsel for petitioner was given every opportunity to argue against defendant's motion to quash, both orally and by brief. The district attorney properly exercised his discretion as prosecuting officer, representing the Commonwealth of Pennsylvania, in stating to the court that he agreed with defendant's counsel that the indictment should be quashed.

The Attorney General of the Commonwealth of Pennsylvania, fully aware of the district attorney's position in the case, has not indicated that he disagrees with the district attorney's view.

Under these circumstances, it would manifestly be improper to grant the petition prayed for. Accordingly, the petition is dismissed.